# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2015

Lyle W. Cayce
Clerk

No. 14-50812
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO TOMAS REYES-SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-570-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Tomas Reyes-Salazar (Reyes) appeals the sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Reyes argues that his within-guidelines 24-month sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). He asserts that the district court should have sentenced him below the guidelines range of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50812

imprisonment because the unlawful reentry Guideline is not empirically based and effectively double counts a prior conviction and because his individual characteristics warranted a lower sentence.

The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). As Reyes concedes, his arguments regarding the reentry Guideline are foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). Further, he has not rebutted the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.